### HEATH *v.* RICKER & al.

Parol proof of usage in the maintenance and repair of separate portions of a partition fence, is admissible evidence to shew a prescription.

THIS was an action of trespass for taking and carrying away the plaintiff's sheep, and came before this Court at the last *April* term upon a summary bill of exceptions to the opinion of the late Circuit Court of Common Pleas, pursuant to the statute.

The defendant *Ricker* pleaded in justification that he found the sheep in his close, *damage feasant,* and impounded them as he lawfully might, and that his proceedings respecting them were conformable to the provisions of the statute respecting cattle taken *damage feasant.* To this the plaintiff replied that the sheep escaped from his, which was an adjoining close, into the close of the defendant, through the defective fence of said

Heath *v.* Ricker & al.

*Ricker.* The defendant rejoined that the sheep did not escape through the deficiency of his fence, and hereupon issue was joined.

To maintain the issue on his part, the plaintiff offered a witness to prove that *Ricker* shewed the witness which part of the fence dividing the close of the plaintiff from his own was the fence of the defendant, and which part was the plaintiff's fence; and to prove that the fence shewed by the defendant as his own was in a decayed and ruinous condition, and wholly insufficient: The Court below ruled this evidence to be inadmissible, until it should first be shewn that the partition fence had been divided in the mode prescribed by statute, or by an agreement in writing; to which opinion the plaintiff excepted.

*Wallingford,* being about to argue in support of the exceptions, was stopped by the Court.

*Burleigh* and *Goodenow* for the defendant, argued that every man is bound by the common law to keep his cattle on his own close at his peril; and the moment they escape into another's field he is liable, unless it was through the other's fence, which was deficient. *Rust v. Low,* 6 *Mass.* 90. *Stackpole v. Healey,* 16 *Mass.* 23. The division of a partition fence between the owners of adjoining closes may be proved—1st by written agreement between them;—2d by an assignment made by fence-viewers and recorded, pursuant to the statute;—or 3d by prescription. Now it is not pretended that the fence in question was ever divided by either of the first two methods; and if the plaintiff would rely on the last, it should have been specially pleaded. But this he has not done, and of course the parol evidence was very properly rejected, as it went to establish a method of division not known to the law.

MELLEN C. J. at this term delivered the opinion of the Court as follows.

The Circuit Court of Common Pleas, to whose decision the exceptions in this case were filed, seem to have rejected the parol proof which was offered by the plaintiff arising from the confession of *Ricker,* on the ground that the *division* of the fence could not have been made, unless by an assignment to each of his proportion according to the provision of the Act of 1821, *ch.*

Heath *v.* Ricker & al.

44 :—or by an agreement in writing. It is not stated that any *such* assignment or agreement had ever been made, and the question is whether any *other kind* of division may have been made, which was existing at the time of impounding, and which might have been legally proved by parol evidence. If so, then the decision of the Court was incorrect and a new trial must be granted. The case of *Rust v. Low & al.* 6 *Mass.* 90, on which the defendant's counsel relies, is. full of learning on this subject, and contains principles by which this cause may be satisfactorily decided. In that case *Parsons C. J.* observes that " the owner of cattle may aver that the party complaining " ought by law to make and maintain the fence ; in which case " he may produce the *assignment by fence viewers ;* or shew that " he is bound *by agreement* to make and repair the fence, which " agreement he ought to set out in pleading ; or that he was " bound by *prescription,* when he should regularly plead the pre- " scription. Every person then may distrain cattle doing dam- " age on his close, or maintain trespass against the owner of the " cattle, unless he can protect himself by the *provisions of the* " *statute,* or by a *written agreement* to which the parties to the " suit are parties or privies, or by *prescription.*" According to the foregoing principles, an obligation by *prescription* on the defendant, to make and maintain the defective part of the fence on the dividing line ought to have been set out in the plaintiff's replication : and if the question now before us, were a question of *special pleading,* we might admit the reasoning of the defend- ant's counsel on this point. But we are now deciding on a *question of Evidence.* The issue before the jury was, whether the defective fence was the part belonging to the defendant *Ricker.* To prove this fact by *prescription,* proof of *usage* is correct and pertinent The Chief Justice in the case before mentioned, goes still further and observes that " the country has " now been settled long enough to allow of the time necessary " to prove a prescription : and *antient assignments* by fence- " viewers, made under the provincial laws, and also *antient* " *agreements* made by the parties, may have once existed and " be now lost by lapse of time." Perhaps this kind of evidence might have been produced by the plaintiff in the case at bar, to prove a prescription ; and we do not perceive why all such

proof would not have been admissible and pertinent.   Whether it be *probable* that such proof can be produced, is not for us to inquire; but as the Court excluded all parol testimony, we think the exception must be allowed, and a new trial be had at the bar of this Court.